UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RACHEL A. FLEMING,

   Plaintiff,

v.                                                          Case No. 4:23-cv-00228

WESTLAKE PORTFOLIO
MANAGEMENT, LLC,

   Defendant.

_____/

## COMPLAINT

**NOW COMES** Rachel A. Fleming ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of Westlake Portfolio Management, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), pursuant to 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), pursuant to Fla. Stat. § 559.55 *et seq.*

1

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Plaintiff resides in the Northern District of Florida and all of the events or omissions giving rise to Plaintiff's claims occurred in this Northern District of Florida.

## PARTIES

5. Plaintiff is a consumer and a natural person over 18-years-of-age who, at all-times relevant, resided in Tallahassee, Florida.

6. Defendant Westlake "specializes in the acquisition and servicing of prime, sub-prime, and non-prime automotive retail installment contracts"[1] for consumers across the country, including those in the state of Florida. Defendant is a limited liability company organized under the laws of the state of California with its principal place of business located at 4751 Wilshire Blvd., Suite 100, Los Angeles, California 90010. Defendant's primary business purpose is the collection of defaulted automotive debts owed to others.

---

[1] https://ao.linkedin.com/company/westlake-financial?trk=public_profile_experience-item_profile-section-card_subtitle-click

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

8. Prior to the events giving rise to this action, Plaintiff financed a vehicle loan through Nicholas Financial, Inc.

9. Due to immense financial hardships, Plaintiff allegedly defaulted on her car loan ("subject debt").

10. Upon information and belief, after Plaintiff defaulted on the subject debt, the subject debt was placed with Defendant for collection purposes and Defendant was assigned the rights to collect on the subject debt.

11. Soon thereafter, Defendant began placing collection calls to Plaintiff's cellular phone number ending in 6078, in an attempt to collect on the subject debt.

12. Defendant used a variety of phone numbers when placing calls to Plaintiff, including (904) 549-6148. Upon information and belief, Defendant used other number in its collection efforts.

13. In or around March 2023, Plaintiff answered a call from Defendant and asked Defendant to stop calling her cellular phone, as the calls were excessive.

14. Notwithstanding Plaintiff's request to cease its collection efforts, Defendant continued to call Plaintiff's cellular phone with the hopes of provoking her into making a payment through the high volume of calls.

15. On April 7, 2023, frustrated that she was still receiving collection calls, Plaintiff called Defendant and again requested that it cease its collection calls to her cellular phone as it was disrupting her general well-being.

16. Despite her request, Defendant continued harassing Plaintiff through its phone calls.

17. In total, Defendant has placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone from March 2023 through the present day.

18. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned attorneys regarding her rights with the hope of ending the harassing attacks and unfair practices by Defendant.

## DAMAGES

19. Defendant's harassing collection calls have severely disrupted Plaintiff's daily life and general well-being.

20. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, out of pocket expenses, emotional distress, mental anguish, and anxiety.

21. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration,

diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her telephone as a result of increased usage of her telephone services.

22. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff is a "consumer" as defined by FDCPA § 1692a(3).

24. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

25. Defendant is a "debt collector" as defined by § 1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

26. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. § 1692a(6).

27. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA § 1692a(2).

28. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

29. Defendant violated 15 U.S.C. §§ 1692d, d(5) and f through its unlawful debt collection practices.

    a. **Violations of FDCPA § 1692d**

30. Pursuant to 15 U.S.C. § 1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

31. Defendant violated 15 U.S.C. § 1692d by engaging in abusive, harassing and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment for the subject debt. Moreover, Defendant continued placing harassing collection calls to Plaintiff's cellular phone after Plaintiff put Defendant on notice that its calls were not welcomed.

32. Pursuant to 15 U.S.C. § 1692d(5), a debt collector may not cause a telephone to ring or engage any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number.

33. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring repeatedly and continually in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt, with the intent to annoy, abuse or harass Plaintiff.

34. Furthermore, Defendant continued to place these calls after Plaintiff informed Defendant its calls were no longer welcome. Specifically, Defendant placed or caused to be places numerous harassing phone calls to Plaintiff's cellular phone from March 2023, through the present day.

    b.   **Violations of FDCPA § 1692f**

35.   Pursuant to 15 U.S.C. § 1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

36.   Defendant violated § 1692f when it used unfair and unconscionable means to collect the subject debt by continuously calling Plaintiff using an auto dialer. Even after Plaintiff requested that the calls stop, Defendant continued to place numerous phone calls to Plaintiff's cellular phone. These tactics employed by Defendant only serve to harass Plaintiff.

37.   As an experienced debt collector, Defendant knew or should have known the ramifications of collection on a debt through incessant harassing phone calls to the phones of consumers.

38.   Upon information and belief, Defendant systemically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

**WHEREFORE**, Plaintiff Rachel A. Fleming, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b.   Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    c.   Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II - FLORIDA CONSUMER COLLECTION PRACTICES ACT

39. Plaintiff is a "debtor" or "consumer" as defined by Fla. Stat. § 559.55(8).

40. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

41. The subject debt is a "consumer debt" as defined under Florida Statute § 559.55(6).

    a. **Violations of FCCPA § 559.72(7)**

42. A debt collector violates § 559.72(7) of the FCCPA when it willfully communicates with the debtor with such frequency as can reasonably be expected to harass the debtor, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor.

43. Defendant violated section § 559.72(7) of the FCCPA when it placed repeated harassing phone calls to Plaintiff after Plaintiff demanded that Defendant stop calling her. Defendant ignored Plaintiff's request and continued to place numerous harassing phone calls to Plaintiff's cellular phone.

44. Plaintiff had no choice but to submit to Defendant's phone calls. Specifically, the only option available to Plaintiff to escape Defendant's phone calls was to turn off her cellular phone. However, given the imperative function cellular

phones play in today's society, Plaintiff had no reasonable alternative other than to submit to Defendant's phone calls.

45. Defendant's actions show that it was their specific goal to harass and annoy Plaintiff enough to the induce her into making a payment even after being put on notice that Plaintiff would no longer like to receive phone calls from Defendant on multiple occasions.

46. This repeated behavior of systematically calling Plaintiff's phone, despite her demands, in an attempt to collect a debt was harassing and abusive. Such contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The nature and volume of phone calls, especially after Plaintiff demanded that the calls stop, would naturally cause an individual to feel oppressed.

47. As stated above, Plaintiff was harmed by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, Rachel A. Fleming, respectfully requests that the Honorable Court enter judgment in her favor as follows:

    a.    A judgment in Plaintiff's favor for Defendant's violations of the FCCPA;

    b.    Enjoin Defendant from further communicating with Plaintiff;

    c.    Award Plaintiff actual damages in the amount to be determined at trial;

    d.    Award Plaintiff statutory damages of $1,000.00 pursuant to FCCPA;

    e.    An award of reasonable attorney's fees and costs pursuant to FCCPA;

    f.    Any further relief this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: May 31, 2023                                             Respectfully Submitted,

*/s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com