IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RACHEL A. FLEMING,**

    **Plaintiff,**

v.                                    Case No. 4:23-cv-228-AW-MAF

**WESTLAKE PORTFOLIO
MANAGEMENT, LLC,**

    **Defendant.**

_____/

## **SCHEDULING AND MEDIATION ORDER**

Having considered the parties' Rule 26(f) report (ECF No. 10), the court now ORDERS the following:

    1.    Defendant must file a Rule 7.1 disclosure statement within seven days. *See* ECF No. 9.

    2.    The jury trial remains set for the trial period that begins on May 14, 2024.

    3.    The deadline to complete discovery remains December 1, 2023.

    4.    The parties' Rule 26(f) report (ECF No. 10) will control the matters it addresses, except to the extent of any conflict with this order. On matters not addressed in this order or the parties' Rule 26(f) report, the Initial Scheduling Order (ECF No. 9) remains effective.

1

5. Each party must supplement its Rule 26 disclosures promptly after a supplement becomes necessary. *See* Fed. R. Civ. P. 26(e). Each party must supplement in time to ensure the opposing party is not prejudiced by any failure to supplement immediately after the information was (or should have been) discovered.

6. Deadlines will be determined based on this order, other applicable orders, and governing rules. Text in the clerk's docket entries are for the clerk's internal use and are not controlling.

7. A separate order for pretrial conference (to be issued later) will set a deadline for a pretrial attorney conference. That deadline will also be the deadline for Rule 26(a)(3) disclosures. The deadline to object under Rule 26(a)(3) is seven days later.

8. Any motion in limine or other pretrial motion must be filed no later than 15 days before the pretrial conference. A response to any motion in limine or other pretrial motion must be filed within the deadline set out in Local Rule 7.1(E), but must also be filed no later than 5 days before the pretrial conference.

9. This case is referred to mediation. (Either party may move to abrogate this requirement if there is good reason to do so.) The following procedures apply to the mediation:

    a. The parties may select a mediator by agreement. If the parties have not agreed 21 days before the discovery deadline, the plaintiff must immediately file a notice reporting their inability to agree, and I will appoint a mediator.

b.  Unless otherwise ordered or agreed, the parties must share equally the mediator's fee. They must pay in the manner the mediator determines.

c.  The deadline to mediate is 14 days after the close of discovery. It may begin at any earlier time. Mediation may continue after the deadline if the mediator determines, after substantial mediation proceedings, that further mediation is warranted. The mediator or a party must file a report within 14 days after mediation ends indicating when mediation was conducted and the outcome (that is, whether the case was settled or impasse was declared). If the case is settled in full, the parties must notify the court immediately.

d.  Each party and an attorney for each represented party must attend the mediation. Defendant must attend through a representative having full authority to settle the entire case without further consultation. The mediator may waive the requirement that the attending representative's full authority to settle be without further consultation. The parties may also waive the requirement by agreement.

e.  If a party is insured, a representative of the insurer having full authority to settle without further consultation must attend, unless excused in advance on a motion showing good cause. The mediator may waive this requirement. The parties may also waive this requirement by agreement.

f.  Everything said during mediation—other than the terms of any settlement agreement—is confidential and inadmissible as settlement negotiations.

g.  Any settlement must immediately be reduced to writing in the mediator's presence and must be signed by each party and an attorney for each represented party.

h.  An attorney for each party must, within 14 days of the date of this order, consult with the party about the advantages (including savings of costs and attorney's fees) and disadvantages of proceeding with mediation immediately. On a party's motion,

the court will consider ordering that mediation begin before the deadline in this order.

SO ORDERED on September 6, 2023.

s/ *Allen Winsor*<br>United States District Judge

4